Law Offices of
DENA MARIE YOUNG (CSB #215344)
2751 4th Street, PMB #136
Santa Rosa, CA 95405
Telephone: (707) 528-9479
Facsimile: (707) 692-5314
Email: dmyounglaw@gmail.com

Attorney for Defendant
CELIN DAVID DOBLADO-CANACA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>CELIN DAVID DOBLADO-CANACA,<br><br>  Defendant. | Case No. CR-21-00416 JD<br><br>**DEFENDANT'S MEMORANDUM RE: BASE OFFENSE LEVEL**<br><br>Date: June 5, 2023<br>Time: 10:30 a.m. |

**INTRODUCTION**

On April 4, 2023, Mr. Doblado-Canaca entered a plea of guilty to distribution of a mixture and substance containing fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). There is no plea agreement in this case.

The presentence report adopted a base offense level 38 pursuant to USSG § 2D1.1(a)(2) because it appears that the drugs sold by Mr. Doblado-Canaca were redistributed by the buyer to two friends of his who overdosed. One of them died, the other recovered.

On May 8, 2023, this Court declined to sentence based on this application of the guidelines and ordered the parties to submit briefing regarding the appropriate base offense level in light of *United States v. Lawler*, 818 F.3d 281 (7th Cir. 2016) and USSG § 5K2.1.

## I.

### APPLICATION OF USSG § 2D1.1(a)(2) TO THE DETERMINATION OF THE PROPER BASE OFFENSE LEVEL

Normally, in a case involving distribution of a controlled substance, the base offense level would be determined by reference to the drug quantity table set forth in § 2D1.1(c). In this case, the quantity of fentanyl sold by Mr. Doblado-Canaca was less than 4 grams, therefore the base offense level would be 12 under § 2D1.1(c)(14). However, § 2D1.1(a)(2) elevates the base offense level to 38 if the defendant is convicted under § 841(b)(1)(C) and "the offense of conviction establishes that death or serious bodily injury resulted from the use of the substance." The Revised Presentence Report in this case determined that § 2D1.1(a)(2) was applicable in light of the resulting death even though the death was neither charged nor admitted by Mr. Doblado-Canaca.

This application of base offense level 38 is supported by the only Ninth Circuit case which appears to consider the issue - *United States v. Deeks*, 303 Fed.Appx. 507 (9th Cir. 2008). In *Deeks*, the defendant pled guilty to importation of cocaine. *Deeks, supra* at 508. The government proved that cocaine imported by the defendant was used by another person who died as a result.[1] *Deeks, supra* at 509. The court found that the district court properly applied base offense level 38 under the circumstances. *Deeks, supra*. Admittedly, this is an unpublished memorandum opinion. It appears to be out-of-step with other Circuits that have considered this issue in more reasoned opinions.

In *United States v. Shah*, 453 F.3d 520 (DC Cir. 2006), the court upheld application of § 2D1.1(a)(2) where the defendant pled guilty to conspiracy to import heroin. *Id*. at 521. In *Shah*, the plea agreement made it clear that the parties understood that the defendant was accountable for a death as part of his offense. *Shah* is somewhat distinguishable from *Deeks*, and from the present case because the defendant was convicted under 21 U.S.C. § 960(b)(1)(A) where the statutory language expressly includes the imposition of an enhanced mandatory minimum penalty where death or serious bodily injury results from the prohibited conduct.

---

[1] The opinion does not specify what standard of proof was applied.

Other Circuits have come to a different conclusion. In *United States v. Lawler*, the Seventh Circuit held that the application of § 2D1.1(a)(2) was not warranted where the elements of the offense of conviction did not establish beyond a reasonable doubt that death resulted. *Lawler*, *supra*, 281 F. 3d at 285 – ["We join the Third, Fifth, and Sixth Circuits in holding that § 2D1.1(a)(2) applies only when a resulting death (or serious bodily injury) was an element of the crime of conviction, proven beyond a reasonable doubt or admitted by the defendant"]. In *Lawler*, the defendant pled guilty to distribution of heroine and conspiracy to possess heroin with the intent to distribute. *Lawler*, *supra*, at 282. The plea agreement expressly left open the issue of whether the increased base offense level under § 2D1.1(a)(2) would apply. The court found, by a preponderance of the evidence, that the defendant sold heroin which killed a customer of the conspiracy and sentenced the defendant under § 2D1.1(a)(2).[2] The *Lawler* court reversed this sentence.

The analysis in *Lawler* turns on the meaning of the phrase "offense of conviction" as used in § 2D1.1(a)(2). Under § 1B1.1 n.1, "offense" means the "offense of conviction" and all relevant conduct. In other words, "offense of conviction" is narrower than "offense." *Lawler, supra*, at 284, citing *United States v. Riebmann*, 321 F.3d 540, 543-44 (6th Cir. 2003) and *United States v. Pressler*, 256 F.3d 144, 157 n. 7 (3d. Cir. 2001). Unlike most other guideline provisions, § 2D1.1(a)(2) limits the court's consideration to that conduct for which the defendant has been convicted beyond a reasonable doubt – relevant conduct cannot be considered. *Lawler, supra* at 283-284; see also *United States v. Greenough*, 669 F.3d 567, 575 (5th Cir. 2012), - [§ 2D1.1(a)(2) was applicable only where death or serious bodily injury was charged in the indictment.]

Given the apparent disagreement amongst the Circuits, interpretation of § 2D1.1(a)(2) is an unsettled issue. In fact, the *Pressler* court identifies interpretation of § 2D1.1(a)(2) as a "potentially serious problem" in light of *Apprendi* and suggests that the Sentencing Commission should consider redrafting the provision in the future. *Pressler*, *supra*, 256 F.3d at 157, fn 7.

---

[2] The district court also applied a 20-year mandatory minimum sentence, but the government conceded on appeal that this was inappropriate as the resulting death had not been proven beyond a reasonable doubt. *Lawler*, at 282.

Absent specific guidance from the Ninth Circuit, this Court is left to follow *Lawler* and similar decisions.

In the present case, as in *Lawler* and *Greenough,* the offense of conviction involves only the distribution of drug. The "death resulted" clause was neither charged nor admitted. Under *Lawler and Greenough*, it would be inappropriate to apply § 2D1.1(a)(2), therefore the base offense level 38 would not apply. The appropriate base offense level would therefore be 12 based on the type and quantity of drugs sold under § 2D1.1(C)(14).

## II.

### THIS COURT MAY SENTENCE ABOVE THE APPLICABLE GUIDELINES BASED ON RELEVANT CONDUCT

The Sentencing Guidelines provide for cases which do not fit the established norms through policy statements which permit the court to depart from the standard guidelines based on relevant conduct and other factors unique to a given case. For example, § 5K2.21 provides that:

> The court may depart upward to reflect the actual seriousness of the offense based on conduct (1) underlying a charge dismissed as part of a plea agreement in the case, or underlying a potential charge not pursued in the case as part of a plea agreement or for any other reason; and (2) that did not enter into the determination of the applicable guideline range.

Similarly, § 5K2.1 provides that the court may increase the sentence above the authorized guideline range where death resulted from the defendant's conduct.[3] This section also gives the court guidance as to what factors to consider:

> Loss of life does not automatically suggest a sentence at or near the statutory maximum. The sentencing judge must give consideration to matters that would normally distinguish among levels of homicide, such as the defendant's state of mind and the degree of planning or preparation. Other appropriate factors are whether multiple deaths resulted, and the means by which life was taken. The extent of the increase should depend on the dangerousness of the defendant's conduct, the extent to which death or serious injury was intended or knowingly risked, and the extent to which the offense level for the offense of conviction, as determined by the other Chapter Two guidelines, already reflects the risk of personal injury. For example, a substantial increase may be appropriate if the

---

[3] A similar provision provides for an increased sentence where physical injury resulted. See § 5K2.2.

death was intended or knowingly risked or if the underlying offense was one for which base offense levels do not reflect an allowance for the risk of personal injury, such as fraud.

Section 5K2.1 departures must be supported by findings that death was intentionally or knowingly risked. See *United States v. White*, 979F.2d 539 (7th Cir. 1992); *United States v. Rivalta*, 829 F.2d 223 (2nd Cir. 1989).

As applied to this case, Mr. Doblado-Canaca concedes that this Court could find by a preponderance of the evidence (based on the presentence report) that the sale of drugs by Mr. Doblado-Canaca resulted, indirectly, in the death of one person and in serious bodily injury to another. This is relevant conduct which this Court can consider in crafting an appropriate sentence because it is not factored into the guidelines resulting solely from the offense of conviction. This Court will need to determine whether or not there is sufficient evidence that Mr. Doblado-Canaca knowingly and intentionally risked the potential for death or serious bodily injury for application of § 5K2.1, or whether § 5K2.21 is the appropriate vehicle. In either case, this Court can consider the totality of the conduct in fashioning an appropriate sentence.

## CONCLUSION

For the foregoing reasons, Mr. Doblado-Canaca believes that the base offense level in this case should be 12, with a total offense level of 10 when adjusted for acceptance of responsibility. Applying criminal history category III, the resulting Guidelines range would be 10-16 months. Mr. Doblado-Canaca acknowledges that this Court is free to impose a sentence greater than these guidelines would suggest based on a consideration of relevant conduct which is not factored into these guidelines and on the § 3553(a) factors. Mr. Doblado-Canaca continues to maintain that a custodial sentence of 48 months, which is a substantially greater sentence than the guidelines would suggest, is sufficient under the circumstances to punish him for his conduct, and to deter such conduct in the future.

Dated: May 22, 2023                    Respectfully Submitted,

                                        __/s /_____
                                        DENA MARIE YOUNG

                                        Attorney for Defendant
                                        CELIN DAVID DOBLADO-CANACA